# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera, | ) |
| Plaintiff, | ) Civil Action No.: 8:18-cv-02539-JMC |
| v. | ) |
| South Carolina Department of Corrections, | ) **ORDER** |
| Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 13, 2018 (ECF No. 18). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** Plaintiff Kenneth Syncere Rivera's ("Plaintiff") claims filed pursuant to 42 U.S.C. § 1983 and **REMANDS** this action to the state court pursuant to the South Carolina Tort Claims Act.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 18 at 1–3.) As brief background, on July 23, 2018, Plaintiff, proceeding pro se, filed suit against Defendant South Carolina Department of Corrections ("SCDC") in the Richland County Court of Common Pleas. (ECF No 1-1 at 2.) In his Complaint, Plaintiff asserts that under SCDC Policy 15.01, SCDC is authorized to deduct twenty (20) percent of the funds deposited into Plaintiff's prisoner account to pay his debts for court costs, filing fees, medical co-pays, and restitution. (*Id.* at 2 ¶ 7–8.) Plaintiff alleges that SCDC has been deducting more than the authorized twenty (20) percent from his prisoner account. (*Id.* at ¶ 8.) Plaintiff

1

asserts that in June and September 2017, he filed two grievances challenging the alleged over-deduction. (*Id*. at 2–3 ¶ 9–10.) In the "Parties and Jurisdiction" section of his Complaint, Plaintiff asserts that SCDC "is a government entity" and jurisdiction is proper under "S.C. Code of Law[s] §§ 15-78-10 et. seq. (2005 & Supplement[] 2007), §§ 15-78-60(25) and §§ 15-78-70 (b)," which are various sections of the South Carolina Tort Claims Act ("SCTCA"). (*Id.* at 2 ¶ 2–3.) In the "Legal Claims" section of his Complaint, Plaintiff alleges SCDC "violated Plaintiff['s] rights and [the] Constitution by violating his Due Process Rights [under] the Fourteenth Amendment to the United States Constitution." (*Id.* at 4 ¶ 12.) Plaintiff requests declaratory and injunctive relief, compensatory and punitive damages, a jury trial, and the "cost [of] this suit." (*Id.* at 4–5 ¶ 13–18.) On September 14, 2018, SCDC filed a Notice of Removal, requesting the court take jurisdiction of this matter. (ECF No. 1.)

On November 13, 2018, the Magistrate Judge entered her Report. (ECF No. 18.) The Magistrate Judge found "Plaintiff asserts SCDC improperly withheld money from his inmate account, and he seeks relief pursuant to the [SCTCA]. What is less clear is whether Plaintiff also asserts claims in this action pursuant to 42 U.S.C. § 1983." (*Id.* at 4.) First, the Magistrate Judge acknowledged that courts are required to liberally construe pro se pleadings. (*Id.* at 3–4.) In liberally construing Plaintiff's Complaint, the Magistrate Judge found it significant that "Plaintiff asserts that the state court has jurisdiction under the [SCTCA] and names only SCDC as a Defendant," because "SCDC 'is amenable to suit in state court for tort pursuant to the [SCTCA], but is not amendable to suit in federal court for damages based on an alleged violation of prisoner's constitutional rights.'" (*Id.* at 5 (quoting *Green v. S.C. Dep't of Corr.*, No. 9:11-cv-3407-DNC-BM, 2012 WL 360144, at *1 n.1 (D.S.C. Jan. 13, 2012).) Thus, the Magistrate Judge found that "if Plaintiff intended to assert his claims under only the [SCTCA]," the case should be remanded

2

because "[s]uits under the [SCTCA] must be brought in [a] state court within the boundaries of South Carolina." (*Id.* (quoting *Odom v. Wilson*, No. 8:07-cv-0325-PMD-JRM, 2007 WL 1231797, at *6 (D.S.C. Apr. 25, 2007) (emphasis omitted).)

Additionally, due to Plaintiff's assertion that Defendant violated his Fourteenth Amendment rights, the Magistrate Judge found Plaintiff's Complaint could "plausibly be construed" as asserting a § 1983 claim. (*Id.*) However, to the extent Plaintiff's Complaint could be so construed, the Magistrate Judge found it must be summarily dismissed because SCDC is not amenable to suit under § 1983 because an agency is not a "person" within the meaning of § 1983. (*Id.* at 5–6.) Furthermore, the Magistrate Judge found SCDC is an agency of South Carolina, which is immune from suit for money damages under the Eleventh Amendment, and South Carolina has not consented to suit in federal court. (*Id.* at 6–7.)

On November 27, 2018, SCDC filed its Objections to the Report and Recommendation ("Objection"). (ECF No. 20.) Defendant objects to the Magistrate Judge's recommendation that this case be remanded back to state court. (*Id.* at 1.) Defendant argues "the Magistrate Judge erroneously construes the Plaintiff's Complaint as alleging a cause of action under the [SCTCA]." (*Id.*) Defendant contends Plaintiff did not allege a state law claim because he only asserts a Fourteenth Amendment claim in the "Legal Claims" section of his Complaint, making no mention of a state law tort. (*Id.* at 1–2.) Defendant also notes that in his "Prayer for Relief," Plaintiff requests a declaration that Defendant violated his rights under the United States Constitution. (*Id.* at 2.) Therefore, Defendant requests that the court dismiss the § 1983 claim against Defendant and reject the Magistrate Judge's recommendation to remand this case to state court. (*Id.*)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). "[A] complaint, especially a pro se complaint, should not be dismissed summarily unless 'it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gordon*, 574 F.2d at 1151 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957))).

## III. DISCUSSION

"The mandated liberal construction afforded pro se pleadings means that if the court can *reasonably* read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so, but a district court may not rewrite a petition to 'conjure up questions never squarely presented' to the court." *Walker v. Koon*, No. 8:16-CV-00815-JMC, 2016 WL 4161098, at *2 (D.S.C. Aug. 5, 2016) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). Here, the court finds the Magistrate Judge reasonably construed Plaintiff's Complaint. *See id.* Defendant argues the Magistrate Judge's construction of Plaintiff's Complaint as stating a claim under the SCTCA is "erroneous[]" because Plaintiff does not allege a state tort in the "Legal Claims" section of his Complaint, and he seeks a declaration that Defendant violated his rights under the United States Constitution. (ECF No. 20 at 1–2.) However, Defendant fails to mention that in the "Parties and Jurisdiction" section of his Complaint, Plaintiff cited several sections of the SCTCA. (*See* ECF 1-1 at 2 ¶ 2–3.) Moreover, in his "Prayer for Relief," in addition to declaratory relief, Plaintiff also seeks monetary damages (*id.* at 4–5 ¶ 13–18), which SCDC could be liable for under the SCTCA, but not under § 1983. *See Green*, 2012 WL 360144, at *1 ("[T]he [SCDC], is amenable to suit in state court for tort pursuant to the [SCTCA], but is not amenable to suit in federal court for damages based on an alleged violation of a prisoner's constitutional rights."); *Odom*, 2007 WL 1231797, at *6 (D.S.C. Apr. 25, 2007), *aff'd*, 250 F. App'x 573 (4th Cir. 2007) ("Under South Carolina law, the plaintiff's claims relating to his wrist injury are cognizable under the [SCTCA], § 15–78–10 *et seq.*, South Carolina Code of Laws. . . . The plaintiff's claims are cognizable under the [SCTCA] because the [SCDC] is a department of the State of South Carolina."). And, notably, Plaintiff filed his Complaint *in a South Carolina state court*. (ECF No. 1-1 at 2.) Therefore, based on these components of Plaintiff's Complaint, the court finds the Magistrate Judge did no conjuring, but reasonably read and liberally construed Plaintiff's Complaint as required by the United States Supreme Court in *Erickson*. *See Erickson*, 551 U.S. at 94 ("A document filed *pro se* is "to be liberally construed," and "a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle*, 429 U.S. at 106)). *See also Walker*, 2016 WL 4161098, at *2 ("The mandated liberal construction afforded pro se pleadings means that if the court can *reasonably* read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to 'conjure up questions never squarely presented' to the court." (quoting *Beaudett*, 775 F.2d at 1278)). Accordingly, the court overrules SCDC's Objection (ECF No. 20).

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **DISMISSES** Plaintiff Kenneth Syncere Rivera's claims filed pursuant to 42 U.S.C. § 1983 and **REMANDS** this action to the Richland County Court of Common Pleas pursuant to the South Carolina Tort Claims Act.[1]

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

February 15, 2018
Columbia, South Carolina

---

[1] *See Borneman v. United States*, 213 F.3d 819, 824 (4th Cir. 2000) ("Section 1447(c) of Title 28 provides that a case removed to federal court must be remanded to state court if it appears that the federal court lacks subject matter jurisdiction: 'A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'"); *Green*, 2012 WL 360144, at *1 ("[T]he [SCDC], is amenable to suit in state court for tort pursuant to the [SCTCA], but is not amenable to suit in federal court for damages based on an alleged violation of a prisoner's constitutional rights.").